## Staunton.

CULBERTSON'S REP. V. STEVENS AND ALS.

### SEPTEMBER 23d, 1886.

1. FOREIGN ATTACHMENTS—*Jurisdiction.*—The levy of the attachment, as shown by the officer's return on the non-resident defendant's property, is the foundation of the suit. If the property attached be not the defendant's property, the court is without jurisdiction.

2. IDEM—*Case at bar.*—In 1837, P. sold and conveyed land to C. on credit, reserving lien for purchase money; got judgment on bond first due, and had C. taken under a *ca sa.* C. took insolvent's oath, and conveyed the land to sheriff. In 1848, P., having assigned her judgment and bonds against C. to K., brought suit to enforce the vendor's lien. Sale of the land was made, reported and confirmed to K., who received conveyance thereof. Pending the suit, C. sold the land to S., who undertook to pay the liens, but paid nothing. In 1877 C. instituted against S., who was a non-resident, an attachment suit in equity, and levied on the land—

HELD :

    1. S. did not acquire legal or equitable title to the land by the sale and conveyance by C.

    2. The land belonged legally and equitably to K., and those claiming under him.

    3. No jurisdiction was acquired of C.'s suit against S.

Argued at Wytheville.    Decided at Staunton.

Appeal from decree of circuit court of Scott county, pronounced in vacation December 29, 1884, upon attachment sued out under Code 1873, ch. 148, sec. 11, by James Culbertson, plaintiff, against Simon Stevens, a non-resident, defen-

dant. Afterwards, on their petition, the heirs of H. S. Kane, deceased, were made parties defendants. At the hearing, the bill was dismissed, and an appeal was allowed the representative of James Culbertson, who had died.

Opinion states the case.

*P. Hagan,* for the appellant.

*R. A. Ayers,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

James Culbertson, appellant's testator, in his lifetime, to wit: on the 23d day of January, 1877, instituted this suit in chancery, of foreign attachment, in the circuit court of Scott county, against Simon Stevens, a non-resident; the object of which was to recover from said Stevens a debt alleged to be due from him to decedent of three thousand dollars, with interest from 14th of November, 1854; and to subject to sale, for the satisfaction of the said debt, a certain tract of land of thirty-three thousand six hundred and fifty-six acres, situated in the said county of Scott, and which was conveyed to the said Stevens by deed of November, 1854, from said James Culbertson and wife, in consideration of the aforesaid debt, and the payment assumed to be made by the said Stevens of a judgment lien against said land due to Henry S. Kane.

In 1837, Sarah Purcell, of the city of Richmond, Va., was the owner of certain tracts of land lying in the counties of Tazewell, Russell and Scott, which she, in that year, sold and conveyed to James Culbertson for $3,000, payable in three instalments—$1,000 on the first day of January, 1840; $1,000 on the first day of January, 1842, and $1,000 on the first day of January, 1843. A lien was reserved upon the land to secure

the payment of the aforesaid purchase money. The said Culbertson failed to pay the note for $1,000 due January 1, 1840, and, on the 16th of September, 1842, a judgment was rendered in favor of said Purcell against the said Culbertson for the said $1,000, with interest and costs, subject to a credit of $302 as of the 18th of November, 1839. Upon this judgment a *ca. sa.* was sued out, and the said Culbertson was taken into custody. To secure his release from imprisonment, Culbertson, on the 31st October, 1842, took the insolvent's oath, and surrendered all his property to William Taylor, sheriff of Scott county, which, pursuant to the requirement of the statute, he, on the same day, conveyed to the said sheriff by deed duly acknowledged.

On the first day of January, 1846, the said Sarah Purcell assigned to H. S. Kane the judgment which she had obtained in 1842, as aforesaid, together with the other two purchase money bonds, of $1,000 each, with all the rights and liens which she had secured.

On the first day of September, 1848, Sarah Purcell, for the benefit of her said assignee, H. S. Kane, filed a bill in chancery against the said Culbertson to enforce the lien of the judgment which she had obtained on the 16th of September, 1842, for the amount due upon the bond due January 1st, 1840; and to have the land, which had been conveyed by Culbertson to William Taylor, sheriff, under the *ca. sa.*, sold. The cause was regularly matured, but was continued, from term to term, until the 11th day of December, 1856, when a decree was entered directing the sale of the lands which had been conveyed to Taylor, sheriff, by Culbertson, in 1842, when he took the insolvent's oath. Pursuant to the decree for sale, Commissioner H. A. Morrison, who was appointed to make the sale, in the stead of the sheriff, Taylor, who was dead, sold the lands on the 13th day of January, 1857, at which sale Henry S. Kane

became the purchaser of the tract or portion of the lands sold, which is the subject of controversy in this suit, at the price of $1,170, which said sale was duly reported to the court, with the deed made to the purchaser, and confirmed by the court, and the cause ended and stricken off the docket.

After Sarah Purcell, for benefit of Henry S. Kane, had filed her bill, as aforesaid, to subject the lands to sale, and before a decree for sale had been entered, to wit, on the 13th day of November, 1854, the said Culbertson and Elizabeth, his wife, sold and conveyed to the said Simon Stevens the land, which he had theretofore conveyed to the sheriff, Taylor, under the *ca. sa.* law; for which the said Stevens executed his obligation to Culbertson to pay to him $1,000 April 1, 1856, $1,000 April 1, 1857, and $1,000 April 1, 1858; and in which obligation he recited: "The aforesaid tract of land is taken by me subject to the lien thereon held by Henry S. Kane."

James Culbertson, who instituted this suit, having died, it was revived in the name of his personal representative; and, Henry S. Kane having died in 1876, before a hearing of the cause, his heirs, upon their petition filed in the cause, were made parties to the bill; and filed their answers claiming that the land attached was not the property of the said Stevens, but had descended to them from their father, H. S. Kane, deceased, to whom it belonged by virtue of the sale and purchase made under the decree of the county court of Scott county, entered December 11th, 1856, and duly confirmed by the said court by its •decree of January, 1857. The complainants filed an amended bill making the heirs at law of Sheriff Taylor, deceased, parties to the bill. They answered the bill, and the cause was finally submitted for a hearing; and, on the 29th December, 1884, a decree was entered in vacation, dismissing the bill, upon the ground held by the court, that the land in

the bill mentioned was the property of the heirs at law of Henry S. Kane, deceased, and was not subject to the attachment for the debt of Stevens.

The record shows that Stevens was a *pendente lite* purchaser, and with full notice of Kane's lien, withal; and that he has never paid anything whatever, either to Kane or to Culbertson.

From the time the land was sold in 1857, under a decree of the court for the purchase money due by Culbertson to Kane as the assignee of Sarah Purcell, Culbertson, with a full knowledge of all the facts relative to the matters about which he files his bill, lived in Scott county, never made any complaint, never brought any suit or sought to have the decree of sale or of confirmation of sale reversed, until after the death of H. S. Kane, which occurred in 1876; and now, in 1877, after the death of Kane, after lapse of twenty-five years, after the condition of parties has changed, and after the development of the country has given a value to that which was comparatively worthless, he comes into court and seeks to re-open and re-litigate these matters which were fully adjudicated and settled by a court of competent jurisdiction, in 1857. Culbertson was a party to the suit, and is bound by the decree of sale; and Stevens was a privy to the suit and a *pendente lite* purchaser equally bound by the decree, which completely bars any claim, legal or equitable, either of them might have asserted. The appellee, Stevens, had no estate, right, title or interest in or to the land attached in this suit, and appellant's bill was properly dismissed for want of jurisdiction. It is the attachment that gives the jurisdiction, and if there was nothing to attach there is no ground for the jurisdiction.

Stevens had not the *legal* title to the land attached; that was first in Culbertson, derived by deed from Purcell, and it was afterwards conveyed by Culbertson to Taylor, sheriff, and

descended to Taylor's heirs.  Stevens derived no *equitable* right or interest by the deed from Culbertson, because Culbertson had none to convey.  He had conveyed to Taylor, sheriff, all his estate or interest of any kind, legal and equitable, subject only to the right to redeem by paying off the incumbrances, Kane's among the rest; and this equity of redemption in Culbertson passed under the commissioner's deed to Kane made in 1857, under the decree of the court in *Purcell* (*for benefit of Kane*) v. *Culbertson.*  The decree in that case was a final decree; has never been appealed from, remains in full force to this day and cannot be collaterally assailed, however erroneous it may be.  It binds Culbertson *conclusively,* and all claiming in privity with or under him.  He was a party to the suit, and the only party. Kane acquired his rights; and though Taylor (who had the legal title) was not a party, yet Kane, standing in Culbertson's shoes, became entitled to all of Culbertson's rights and equities, and on paying off the incumbrances, had the right to require the legal title to be conveyed to him.  If Kane held the only incumbrance, as assignee of the purchase money from Purcell, he had the right to call for the legal title, at once, as soon as he became the approved purchaser at the judicial sale.  As far as the record shows there are no other incumbrances; but if there were others, Kane holds subject to these incumbrances only.  Even if the sale by Culbertson and wife to Stevens, was by Kane's consent (which is more than doubtful), it was, at best, only conditional; the purchase money was to be turned over to Kane, and yet not a cent was ever paid to him.  Even if there was a sale to Stevens by Kane's consent, the condition was never complied with; and Kane had the right, on breach of the condition, to revoke his consent, if any had ever been given.  Stevens was not an innocent purchaser for value; he was not only a *pendente lite* purchaser, but purchased with express notice.  He is not a purchaser at all, in the eye of the law.

He never paid anything; and though he had a deed from Culbertson, it conveyed no title. In fact, though a party to this suit, he has not appeared, nor answered. He has set up no claim, and it is shown by the record that he has none to assert.

Mrs. Culbertson had no right of dower as against Kane, which could have passed under the deed from Culbertson and wife to Stevens; because Kane's claim was for the purchase money due to Purcell by Culbertson for the land, and for which there was both a lien reserved and a vendor's lien implied; the sale by Purcell to Culbertson having been made prior to the year 1849. Of this lien Stevens had notice, if not at the time of his alleged purchase, he has it *now*, and before his purchase is complete. This lien is prior and paramount to any dower right of Mrs. Culbertson, and is not merged in the judgments; and by the sale and conveyance of the land to Kane under the decree, the lien not being satisfied by the proceeds, nothing remained to which dower can attach. The entire amount of the purchase money assigned by Purcell to Kane must be paid before Mrs. Culbertson could assert a dower right.

The appellant, in his amended bill, makes a large number of persons who have purchased parcels of these lands from Kane parties defendant, and they are appellees here. They state in their answers that they have purchased the land from Kane in good faith, for value paid, without any knowledge, means of knowledge, or suspicion of the claim now, long since their purchase, set up by Culbertson; that, relying upon their title, they have improved their lands, and rights have vested, and the condition of parties changed; and that great and remediless wrong and hardship would follow any interference with their rights and title acquired under the sale and purchase of Kane.

We are of opinion that this is one of the cases in which a court of equity is not only warranted in refusing, but is compelled by well settled rules of law to refuse the prayer for relief. The appellant's cause is without merit, and the decree of dismissal must be affirmed.

DECREE AFFIRMED.